UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTIN MEZA VALLES,<br>Petitioner,<br>v.<br>THOMAS GILES, et al.,<br>Respondents. | Case No. 5:26-cv-06675-SSC<br><br>MEMORANDUM AND ORDER GRANTING UNOPPOSED PETITION |

Before the Court is a counseled petition for writ of habeas corpus brought by Bertin Meza Valles who alleges that Respondents failed to apply 8 U.S.C. § 1226(a)'s discretionary custody framework and have failed to furnish the I-213, arrest warrant materials, and underlying custody determination. (ECF 1 at 26–27, 29.) Petitioner brings three claims: (1) a procedural due process claim alleging that he was detained without notice or a meaningful opportunity to contest his detention; (2) a claim alleging that he was arrested without a warrant in violation of 8 U.S.C. § 1357(a)(2), 8 C.F.R. § 287.8(c)(2), and the Fourth Amendment; and (3) a substantive due process claim alleging that his detention does not bear a reasonable relationship to a governmental purpose. (*Id.* at 27–31.) Petitioner challenges Respondents' detention of Petitioner during an asylum interview and asserts that the planned detention violates the Fifth Amendment. (*Id.* at 16, 32.)

The petition alleges the following facts.[1] On October 1, 2026, Petitioner was detained when he appeared for a scheduled asylum interview and was then transferred to Adelanto.[2] (*Id.* at 2, 10.) Petitioner did not receive, nor request, a bond hearing. (*Id.* at 11.) The Notice to Appear, dated October 1, 2026, is attached to the petition. (ECF 1-1 at 44.) On October 9, 2026, Petitioner was ordered removed to Mexico.[3] (ECF 1 at 3, 6.) Petitioner appealed his removal order on October 15, 2026. (*Id.* at 3; ECF 1-1 at 10.)

Petitioner was convicted of two misdemeanor DUIs in August 2010 and October 2021. (ECF 1 at 11–12.) He was also convicted of a felony under California Penal Code section 32 (accessory after the fact), though the superior court issued an order granting relief under California Penal Code section 1473.7 (to set aside a conviction). (*Id.* at 11.) Petitioner attaches documents related to his criminal history confirming the above. (ECF 1-1 at 14–42.) He seeks release, or in the alternative, a bond hearing. (ECF 1 at 35–37.) On November 9, 2026, Petitioner filed a motion for order to show cause why the petition should not be granted. (ECF 7.)

Respondents have failed to oppose the petition or to appear in this matter at all despite notice and a briefing deadline that passed on

---

[1] Because Respondents have not provided information about Petitioner, all facts contained herein are taken directly from the petition unless otherwise noted.

[2] The Court notes that the petition provides no factual allegations concerning Petitioner's entry into the United States.

[3] The October 9, 2026, removal order is not in the record.

November 16, 2026.[4] (ECF 6.) Accordingly, the Court grants the petition.

[4] Respondents' counsel recently informed the Chief Judge of this district that due to the volume of immigration habeas petitions, if no Notice of Appearance is filed by counsel within four days, the Court can assume that counsel will not oppose and may proceed to rule on a petitioner's filings as if counsel had affirmatively stated that it will not file an opposition.

"In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

## ORDER

For the reasons set forth above, **IT IS ORDERED** that Judgment shall be entered (1) granting the unopposed petition; (2) ordering Respondents to release Petitioner **Bertin Meza Valles (A# 242-175-928)** from immigration custody immediately under conditions of supervision found to be appropriate by the decisionmaker; and (3) denying Petitioner's Motion for Order to Show Cause (ECF 7) as moot.[5]

DATED: November 18, 2026

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

---

[5] Petitioner requests an of "fees and costs as authorized by law[.]" (ECF 1 at 37.) To recover prevailing-party fees under the Equal Access to Justice Act (EAJA), counsel must file a separate motion for such fees within thirty days of final judgment in the action. *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). The Supreme Court recently granted certiorari to decide if the EAJA applies to an action seeking a writ of habeas corpus to challenge civil immigration detention. *See Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057, at *1 (U.S. June 29, 2026).